What was the practice of the sheriffs in the Courts of Chancery, under the former government, I know not, nor have I had it in my power to get any information, except from those gentlemen who had practiced in them — the sheriff's returns being "stayed by injunction." It seems that on obtaining an injunction, the complainant always filed his bond in the office; this bond was for costs; but whether the sheriff restored the goods he had levied on, upon being served with the injunction, I cannot say. I have been informed it was; and therefore the practice began with the sheriffs, under the present Court of Equity, to restore the property levied on, when served with an injunction. If any such practice has ever prevailed, I do not remember it. It could not have been general, or some case must have come within my observation. There can be no doubt that, under the laws of England, the sheriff might, after he had levied, sell the goods, notwithstanding an injunction had issued and been served upon him — he could not (377) restore the goods without making himself liable for their value. *Page 315 
The Judges who tried this cause were divided in their opinions. Judge MOORE held that the sheriff, by restoring the goods he had levied on, made himself liable to the plaintiff for their value. Judge HAYWOOD held that the sheriff had done nothing more than what was justifiable under the practice of the former Court of Chancery, as well as the present Court of Equity. The jury had the whole matter before them, and found for the defendant. Either the plaintiff or the defendant must lose the value of the goods levied on, Green being insolvent. The practice being very doubtful, and this being a case stricti juris, I will not deprive the defendant of the benefit of the verdict in his favor.
Cited: Patton v. Marr, 44 N.C. 81.
NOTE. — See, on the second point, Allen v. Jordan, 3 N.C. 132, and the cases referred to in the note.
See Taggert v. Hill, 3 N.C. 379.